UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAXIMILIANO SILEONI,<br><br>                Plaintiff,<br><br>vs.<br><br>IDAHO PAROLE BOARD'S 4<br>HEARING OFFICERS,<br><br>                Defendants. | Case No. 1:20-cv-00557-DCN<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

The Complaint of Plaintiff Maximiliano Sileoni was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 3, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that it is subject to dismissal for failure to state a claim upon which relief can be granted. Amendment will be permitted.

**STANDARD OF LAW FOR SCREENING**

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or failure to plead sufficient facts to support a cognizable legal theory under the *Iqbal/Twombly* standard. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

## FACTUAL ALLEGATIONS

Plaintiff, a citizen of Argentina, alleges that, in 2019, he was first eligible for parole after serving the ten-year fixed portion of his sentence. He appeared before the Idaho Commission of Pardons and Parole (ICPP). Instead of paroling him or permitting him to be deported, the ICPP denied him parole because of his allegations of sexual relationships with multiple IDOC female staff members. He alleges the parole denial caused him to suffer mentally and jeopardized his safety in prison, violating his Eighth Amendment rights. He further asserts that he was denied equal protection of the law as a sex offender and Hispanic person, violating his Fifth and Fourteenth Amendment rights.

## REVIEW OF COMPLAINT

### 1. Discussion

#### A. *Eighth Amendment*

When a prisoner complains of inhumane treatment or constitutionally intolerable

conditions of confinement, the Courts scrutinizes the allegations under the Eighth Amendment, which prohibits cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). While conditions of confinement may be harsh and restrictive without being a violation of the Eighth Amendment, they cross the line of acceptability when they (1) involve "the wanton and unnecessary infliction of pain," (2) are "grossly disproportionate to the severity of the crime warranting imprisonment," (3) result "in unquestioned and serious deprivation of basic human needs, or (4) deny an inmate "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Under the Eighth Amendment, "a convicted prisoner is entitled to psychological or psychiatric care for serious mental or emotional illness." *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 763 (3d Cir. 1979). There is "no underlying distinction between the right to medical care for physical ills and its psychological or psychiatric counterpart." *Id*. (internal citation omitted). The Eighth Amendment claim fails if the need is not serious, or if the defendants have not exhibited deliberate indifference in providing diagnostic services and treatment.

Plaintiff has not stated an Eighth Amendment claim. This is not a claim that he sought and was denied adequate mental health treatment. Simply continuing to be incarcerated rather than being released on parole does not equate to cruel and unusual punishment. *See Breeden v. Jackson*, 457 F.2d 578 (4th Cir. 1972) (observing that the usual

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

and accepted regulations imposed in maximum security do not amount to cruel and unusual punishment).

This is Plaintiff's second assertion of this claim. Plaintiff brought it in an earlier action that was dismissed for failure to state a claim. *See Sileoni v. State of Idaho*, No. 1:20-cv-00500-DCN ("Case 500")(alleging that "he has been kept in prison in violation of his Eighth Amendment right to be free from cruel and unusual punishment for the past eleven years, again citing the fact that he did not have 'the opportunity to get deported.'") If Plaintiff has no facts supporting a claim that he is suffering something more than the regular hardships of incarceration and the disappointment that comes with parole denial, this claim should be omitted from any amended complaint.

### B. *Fourteenth Amendment*

Plaintiff also alleges that, because the ICPP declined to parole him, its decision was based on discrimination against him "due to [his] race and sex crime." Dkt. 3, p. 2. He asserts that the ICPP has violated his Fourteenth Amendment equal protection rights.

Under the Fourteenth Amendment's Equal Protection Clause, "all persons similarly circumstanced shall be treated alike" by governmental entities. *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920). However, "[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." *Tigner v. Texas*, 310 U.S. 141, 147 (1940).

An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), *Lee v. City of Los*

*Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008).

If there is "an obvious alternative explanation" for the state action, a plaintiff must provide factual allegations that give rise to a plausible inference that the action was the result of unconstitutional discrimination on the basis of "race, religion, or national origin." *Iqbal*, 556 U.S. at 676-77, 682. A plaintiff must provide sufficient allegations pointing to a discriminatory motive that "nudg[es]' his claim of purposeful discrimination 'across the line from conceivable to plausible.'" *Id*. at 683 (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)).

Aside from his bare allegation that he is a Hispanic Argentinian, Plaintiff has not stated any plausible allegations that his parole denial was based on race. Rather, the ICPP had a rational basis to deny parole—that he continues to assert implausible allegations that multiple female staff sexually abused him. Plaintiff has made these same implausible allegations in federal court.

The Court takes judicial notice of Plaintiff's allegations outlined in great detail in Judge B. Lynn Winmill's decision in Plaintiff's case, *Sileoni v. IDOC Staff and PC Prisoners*, No. 1:20-cv-00508-BLW ("Case 508"). In that case, Plaintiff alleged that "he is constantly demeaned and harassed by prison and medical professionals because he is Hispanic, a sex offender, and a sufferer of exhibitionist disorder." Dkt. 15, p. 2, in Case 508. In screening the case, Judge Winmill found:

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

Plaintiff has included no less than 32 separate instances of alleged sexual abuse against at least 32 prison officials and medical personnel (some instances reference more than one state actor). Most of the claims have a similar theme—that the providers are inviting him to participate in sexual activity by words or body language "hints." Plaintiff has alleged so many similar claims against almost every medical provider that has treated him, and, in particular, against female medical providers, that the claims are simply implausible. It is unclear whether these allegations are a manifestation of Plaintiff's diagnosis of paraphilia of a sexual nature or, as Plaintiff suggests, exhibitionist disorder, or whether he is simply attempting to harass medical and prison personnel by making shocking and malicious claims against them.

Plaintiff's Eighth Amendment sexual harassment claims are summarized as follows, with the Court making an effort to preserve Plaintiff's particular expressions of his claims to demonstrate the outrageous and salacious nature of his allegations when reviewing this set of claims as a whole:

1) Defendant Johnstone told "C/O Stanly to masturbate in front of Plaintiff in his office in ISCC C-Block and C/O Stanley did as she was told." (Dkt. 3, p. 19 (verbatim).)

2) Officer Anderson gave Plaintiff a "hint to touch or to see" Ms. Power, a program worker, in a sexual manner, pointing at Ms. Power in the G-Block office, and "giving Plaintiff hint to do such thing with Miss Power." (Dkt. 3, p. 8 (verbatim).)

3) Defendant Deputy Warden Kirtly came to the door of his cell and asked if he "wanted touch her titt's." (Dkt. 3, p. 4 (verbatim).)

* * *

30) Nurse Valenzuela violated Plaintiff's rights "by exposing her chess clivage to plaintiff to arause plaintiff sexually and apparently defendant was sexually active with multiple white prisoner at ISCC and at a physical check meeting defendant rub her vagina on Plaintiff's shoulder." Dkt. 3-2, p. 25 (verbatim).)

31) Dr. Black "rub her vagina on Plaintiff hand and shoulder while defendant check plaintiff pulse." Dkt. 3-2, p. 26 (verbatim).)

32) Nurse Monti James made a false report saying that Plaintiff was sexually inappropriate with her, when, in actuality, she was enticing him to have sexual contact with another nurse, Nurse Tammy. Plaintiff alleges that Nurse James "was giving me hint to touch this female nurse vagina." Plaintiff thought Nurse Tammy "was giving Plaintiff the same hint to touch her vagina by opening her both arm's and looking at Plaintiff and looking down at her croch and spreading her leg's and as she was doing this [Nurse James was intycing Plaintiff to the nurse hint and giving more hint to Plaintiff to do something to the female nurse." (Dkt. 3-2, p. 28 (verbatim).)

Dkt. 15 in Case 508. Twenty-six additional sexually-explicit incidents involving different prison staff accompany these six descriptions—all of which add up to an implausible set of facts. *See id.*

Judge Winmill cited to other court opinions that found allegations made in a similar vein to constitute frivolous, fanciful, and delusional claims. *Brooks v. Doe*, No. 2:11CV568, 2011 WL 10636413, at *1 (E.D. Va. Nov. 9, 2011); *Govan v. United States*, No. CIVA 2:08-CV-145-WHA, 2008 WL 2326326, at *2 (M.D. Ala. June 3, 2008); *Gross v. Kelly*, No. 5:18CV00007-SWW-JJV, 2018 WL 1004895, at *1 (E.D. Ark. Feb. 7, 2018), *report and recommendation adopted*, No. 5:18CV00007-SWW, 2018 WL 1002618 (E.D. Ark. Feb. 21, 2018), *aff'd sub nom. Gross v. Kelley*, No. 18-1835, 2018 WL 5099661 (8th Cir. July 24, 2018); *Crosby v. Menzena*, No. CIV.A. 11-373-BAJ, 2011 WL 3876085, at *1 (M.D. La. July 28, 2011), *report and recommendation adopted*, No. CIV.A. 11-373-BAJ, 2011 WL 3876032 (M.D. La. Aug. 31, 2011).

The allegations in Case 508 seem to be of the same nature cited by the ICPP in its denial of Plaintiff's parole and seem to constitute a rational basis for that decision. If Plaintiff has other facts showing that these allegations are not similar and related, he can provide explanatory facts in his amended complaint. To date, Plaintiff has not stated sufficient facts showing that the ICPP relied on discriminatory motives of any kind to deny parole.

Finally, the Court turns to Plaintiff's claim that the ICPP wrongfully considered his sex offender status. Prisoners often erroneously claim it is an equal protection violation for a parole board to distinguish among different types of crime in determining whether to parole a prisoner. However, it is a well-established principle that "a State is not constrained in the exercise of its police power to ignore experience which marks a class of offenders or a family of offenses for special treatment." *See Skinner v. State of Oklahoma ex rel. Williamson,* 316 U.S. 535, 540 (1942). Plaintiff has not shown lack of a rational basis for the ICPP's decision, even if it did take into consideration Plaintiff's status as a sex offender.[1] Nor has Plaintiff provided any facts showing that other similarly situated sex offenders were granted parole, while he was denied.

Plaintiff has failed to state an equal protection claim with his thread-bare allegations of discrimination on any basis. If he has other facts to support his equal protection claims, he should provide them in an amended complaint.

---

[1] Plaintiff stands convicted of battery with intent to commit rape in Canyon County Case No. CR10-1583, with a sentence satisfaction dated of 02/06/2030. Plaintiff's crime is not relevant to his civil rights claims except to serve as a factual basis for his claims that he is suffering discrimination because he is a sex offender. *See* https://www.idoc.idaho.gov/content/prisons/offender_search/detail/98822.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 8

### C. *Fifth Amendment/Right to Deportation*

Plaintiff also previously brought a "right to deportation" claim in Case 500. A non-citizen present in the United States is entitled to due process under the Fifth Amendment in a federal deportation hearing. *United States v. Barraza-Leon*, 575 F.2d 218, 220 (9th Cir. 1978). However, taking a step back to what the Constitution requires of a *state parole board*, the Court concludes there is no recognized constitutional duty to facilitate a convict's return to his home country via deportation. Similarly, there is no constitutional right to be deported instead of being paroled, and there is no constitutional right to be paroled at all. S*ee Swarthout v. Cooke,* 562 U.S. 216, 220 (2011); *Board of Pardons v. Allen*, 482 U.S. 369, 380-81 (1987); *Banks v. State of Idaho*, 920 P.2d 905 (Idaho 1996).

Accordingly, Plaintiff has failed to state a claim upon which relief can be granted. This claim should be omitted from any amended complaint unless Plaintiff can set forth a legal and factual basis in support of it.

### 2. Conclusion

Plaintiff cannot proceed on his claims. A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that those deficiencies cannot be overcome by amendment. *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). The Court will provide Plaintiff with an opportunity to amend his Complaint. Failure to do anything further in this case will result in dismissal for failure to state a claim upon which relief can be granted.

///

///

## ORDER

**IT IS ORDERED:**

1. Plaintiff may file an amended complaint, together with a motion to amend, no later than 30 days after entry of this Order.

2. Failure to do anything further in this case within the 30-day period will result in dismissal for failure to state a claim upon which relief can be granted.

DATED: February 9, 2021

David C. Nye
Chief U.S. District Court Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 10